## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**

**VERSUS**

**QUENTRELL D. FOUNTAIN**

**CRIMINAL ACTION**

**NO. 14-151-JWD-RLB**

This matter comes before the Court on the *Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody* (Doc. 96) ("*§2255 Motion*"), brought by Petitioner Quentrell D. Fountain ("Petitioner").[1] Because this *§ 2255 Motion* was not timely filed, the Court will deny it.

## I.    BACKGROUND

Petitioner was indicted on December 11, 2014, for two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) A superseding indictment was filed on April 16, 2015, charging Petitioner with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); two counts of witness intimidation in violation of 18 U.S.C. § 1512(b)(3); two counts of retaliating against a witness in violation of 18 U.S.C. § 1513(e); and two counts of discharging a firearm in furtherance of a crime of violence, namely, witness tampering, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Doc. 25 at 1–6.) A superseding bill of information was filed on December 2, 2015, charging Petitioner with one count of knowingly discharging a firearm in furtherance of a crime of violence, namely, tampering with a witness, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Doc. 63 at 1.) He pled guilty to the sole charge in the superseding bill of information on December 3, 2015. (Docs. 66, 67.) Counts One through Seven of the superseding indictment were dismissed as a result of Petitioner's guilty plea.

---

[1] To facilitate administrative and filing ease, Petitioner Quentrell D. Fountain's Reg. No. is #07260-095.

(Doc. 80 at 1.) On July 1, 2016, Petitioner was sentenced to 156 months imprisonment and a term of supervised release of five years. (*Id.* at 2–3.)

Petitioner entered a notice of appeal on July 6, 2016. (Doc. 82.) The Fifth Circuit affirmed the sentence on April 13, 2017. (Doc. 93-1 at 2.)

Petitioner filed this *§ 2255 Motion* on April 30, 2021. (Doc. 96 at 13.)

## II. PARTIES' ARGUMENTS

Petitioner argues first that his *§ 2255 Motion* should not be considered untimely, stating that he was "not required to articulate his statute of limitations arguments in his § 2255 motion and should not be as untimely under § 2255[] as well[.]" (Doc. 96 at 5.) He provides no additional explanation for this assertion.

Petitioner next references *United States v. Davis*, 588 U.S. 445 (2019), apparently arguing that holding that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague also applies retroactively to his guilty plea under 18 U.S.C. § 924(c)(1)(A)(iii). (Doc. 96 at 7.)

Petitioner similarly references *Sessions v. Dimaya*, 584 U.S. 148 (2018), asserting that it supports his argument that 18 U.S.C. § 924(c) is unconstitutionally vague. (Doc. 96 at 8.) He also says that the evidence did not support an enhancement pursuant to the Armed Career Criminal Act. (*Id.*)

Petitioner again argues that his *§ 2255 Motion* should not be barred, this time claiming that he was induced to plead guilty and had he not done so, "the Government would have introduced at sentencing [the] *Pinkerton Do[c]trine* with a Double Jeopardy Clause contained in the Fifth Amendment." (*Id.* at 9.) He argues that because this did not happen, he was deprived of his due process right to file a *§ 2255 Motion.* (*Id.*)

2

Petitioner finally argues that because he is not an attorney, his *§ 2255 Motion* should not be barred as untimely. (*Id.* at 12.) He also asserts that if he had gone to trial, "his counsel would have informed him that his § 924(c) conviction is no longer lawful after the Supreme Court's decision in *Johnson v. United States*," (*id.*), apparently referencing the Supreme Court's 2015 decision that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates Due Process, 576 U.S. 591, 606 (2015).

Unsurprisingly, the Government opposes Petitioner's *§ 2255 Motion*, arguing that all of his claims are untimely under 28 U.S.C. § 2255(f). (Doc. 102.) They note that Petitioner's conviction and sentence became final on July 12, 2017. (*Id.* at 1.) The Government argues that Petitioner was required to file his *§ 2255 Motion* by July 12, 2018, for it to be timely under § 2255(f) and that he has not asserted any basis for applying a later filing date pursuant to § 2255(f)(2)–(4) or as a matter of equitable tolling. (*Id.* at 1–2.) They argue that Petitioner has not asserted any governmental action impeding him from filing his motion, which would extend his time to file pursuant to § 2255(f)(2), (*id.* at 2); that despite his attempts to assert the recognition of new rights by the Supreme Court pursuant to § 2255(f)(3), Petitioner fails to assert any new rights applicable to his case *and* fails to bring this *§ 2255 Motion* within one year of the recognition of those rights as required by § 2255(f)(3), (*id.* at 2–3); and that Petitioner alleges no new facts that would allow him to file this petition untimely pursuant to § 2255(f)(4), (*id.* at 3–4.). The Government points to Petitioner's letter to the Court the day after *Davis* was decided, requesting that the Court appoint counsel to advance a claim premised on the decision in *Davis*. (*Id.* at 4; *see* Doc. 94 at 1.) The Government argues that despite this letter, and the Court's denial of Petitioner's request, Petitioner did not file a § 2255 motion until he filed the pending motion in April of 2021. (Doc. 102 at 4.)

3

The Government also counters Petitioner's argument that his *pro se* status relieves him of his obligation to timely file, asserting that the liberal *pro se* pleading standards do not waive basic procedural obligations. (*Id.* at 4–5.) The Government also notes that Petitioner's *pro se* status does not provide a basis for equitable tolling. (*Id.* at 8.)

In addition to addressing the timeliness of Petitioner's *§ 2255 Motion*, the Government argues that Petitioner's claims fail on their merits. (*Id.* at 9.) It claims that Petitioner's references to *Davis*, 588 U.S. 455, *Dimaya*, 584 U.S. 148, and *Johnson*, 576 U.S. 591, are in essence arguments that he was innocent of the crime to which he pled guilty. (*Id.*) The Government construes Petitioner's argument as claiming that "although [he] was found guilt of discharging a firearm during the commission of a crime of violence, these cases show that the predicate crime to which he pled guilty does not qualify as a 'crime of violence.'" (*Id.*) The Government, however, argues that none of these cases support Petitioner's argument as § 924(c)(3)(A), the portion of the statute relevant to his guilty plea, "was not invalidated by any of them." (*Id.*)

The Government also notes that Petitioner drew check marks next to three of the common grounds for relief under § 2255 listed on the pre-printed form he used to file the pending motion, without adding any additional factual allegations. (*Id.* at 11.) To the extent these are claims, the Government argues that the Court should dismiss them as conclusory and therefore meritless. (*Id.* at 11–12.)

The Government interprets Petitioner's assertion that his enhancement was not supported by evidence as an argument that his plea was not supported by factual evidence and led to double jeopardy with his state convictions. (*Id.* at 14.) They argue this too should be dismissed, claiming that it is procedurally barred, not cognizable because "[t]he factual basis in a plea agreement is required by statute, not by the Constitution[,]" and meritless on its face. (*Id.* at 14–16.) The

4

Government asserts that any Double Jeopardy claim here fails because Petitioner has not provided any evidence as to what crimes he was convicted of in state court, much less whether they would fall under the Double Jeopardy provision. (*Id.* at 17–18.)

Finally, the Government argues that all of Petitioner's attempts to apply the *Pinkerton* Doctrine to his case fail because he was never charged with a conspiracy. (*Id.* at 18–19.)

## III.     LEGAL STANDARDS

### A.     *Pro Se* Litigants

Courts construe *pro se* litigants' pleadings liberally, holding them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Accord Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021). *Pro se* litigants, however, "must still brief the issues and reasonably comply" with the relevant rules of civil procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)); see *Coleman v. Lincoln Parish Det. Ctr.*, 858 F.3d 307, 309 n.10 (5th Cir. 2017) (citing *United States v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986)). Likewise, "even for *pro se* plaintiffs . . . 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice' to state a claim for relief." *Coleman*, 858 F.3d at 309 (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### B.     Title 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 permits a federal prisoner to file a motion to vacate, set aside, or correct a sentence on the grounds that (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." § 2255(a). That said, "a collateral challenge may not do

service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Instead, "Section 2255 provides recourse only 'for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994) (quoting *United States v. Perez*, 952 F.2d 908, 909 (5th Cir. 1992)). A petitioner "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *Frady*, 456 U.S. at 168. Except in "'extraordinary' cases involving 'manifest miscarriages of justice,'" *Shaid*, 937 F.2d at 232 (citing *Smith v. Murray*, 477 U.S. 527, 537 (1986); *Murray v. Carrier*, 477 U.S. 478, 496 (1986)), a collateral attack requires showing both "cause and actual prejudice [] even when [] alleg[ing] a fundamental constitutional error," *id.* (citing *Hill v. United States*, 368 U.S. 424, 428 (1962); *Murray*, 477 U.S. at 493).

Motions filed under § 2255 are subject to a one-year statute of limitations:

> The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

## IV.  ANALYSIS

This *§ 2255 Motion* is untimely. Petitioner pled guilty on December 3, 2015. (Docs. 66, 67.) He was sentenced on July 1, 2016. (Doc. 80.) Petitioner entered a notice of appeal on July 6, 2016. (Doc. 82.) The Fifth Circuit affirmed the Court's judgment on April 13, 2017. (Doc. 93-1 at 2.) The Supreme Court has held that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The time for filing a petition for a writ of certiorari expires 90 days after the appellate court's entry of judgment. *See id.*; Sup. Ct. R. 13.1. "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay*, 537 U.S. at 532. Petitioner did not seek a writ of certiorari. Therefore, the one-year limitation period to file a § 2255 motion began to run on July 12, 2017. Under § 2255(f)(1), Petitioner was required to file any § 2255 motion within one year, absent special circumstances. § 2255(f). He filed the pending motion on April 30, 2021, nearly three years after the statute of limitations expired. (Doc. 96.)

Petitioner has not alleged any impediment to making such a motion created by governmental action; nor has he alleged the discovery of any new facts supporting his *§ 2255 Motion*. (*See* Doc. 96 at 5, 7, 8, 9, 12.) Accordingly, there is no reason for the § 2255 one-year period to begin to run later pursuant to § 2255(f)(2) or (4).

Petitioner does point to various Supreme Court decisions that he argues have a bearing on his *§ 2255 Motion*: *United States v. Davis*, 588 U.S. 445 (2019); *Sessions v. Dimaya*, 584 U.S. 148 (2018), and *Johnson v. United States*, 576 U.S. 591 (2015). Even assuming that any of these cases recognized a new right that could be retroactively applied to cases on collateral review, Petitioner would still have to show that his *§ 2255 Motion* is timely. *See* § 2255(f)(3). In order to be timely,

Petitioner's *§ 2255 Motion* would have to be filed within one year of the Supreme Court's decision he relies upon. *See* § 2255(f)(3). Again, the pending *§ 2255 Motion* was filed on April 30, 2021. (Doc. 96.) The most recent case Petitioner cites to, *Davis*, was decided on June 24, 2019—nearly two years before Petitioner filed this *§ 2255 Motion*. *See* 588 U.S. 445. Furthermore, Petitioner was aware of the decision in *Davis* at the time; he sent a letter on June 25, 2019, to the Court requesting counsel to represent him because of potential claims, which he did not elaborate upon, based on the "ruling in the '*Davis*' case." (Doc. 94 at 1.) There is no basis for the one-year period to begin to run later pursuant to § 2255(f)(3). Thus, even if the rights recognized in *Davis*, *Dimaya*, or *Johnson* were applicable to Petitioner's case, he has not timely filed this *§ 2255 Motion* to raise these issues with the Court.

The Government may waive timeliness as a bar in § 2255 collateral attacks. *United States v. Pierce*, 489 F. App'x. 767, 768 (5th Cir. 2012) (citing *Day v. McDonough*, 547 U.S. 198, 205, 210 n.11 (2006)). However, it has declined to do so here. (Doc. 102 at 1–4, 6.)

In addition, Petitioner has not shown that there is any basis here for equitable tolling. "To be entitled to equitable tolling, a movant must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). In § 2255 motions, the principle of equitable tolling "is available only in 'rare and exceptional circumstances[,]'" *id.* (quoting *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000)), and "'applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights,'" *id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (internal cites and quotations omitted)). Again, Petitioner has alleged no such circumstances here. Furthermore,

Petitioner did not diligently pursue his rights since, after reaching out to the Court to request counsel in the wake of the *Davis* decision, Petitioner allowed nearly two years to elapse before filing this *§ 2255 Motion*. (*See* Docs. 94, 96.)

Finally, Petitioner's *pro se* status does not relieve him of his obligations to comply with the statute of limitations. The Fifth Circuit "does not recognize a lack of legal sophistication as grounds for equitable tolling." *Galvan-Cerda v. Garland*, 2022 U.S. App. LEXIS 22023, at *2 (5th Cir. Aug. 9, 2022) (citing *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008)). "A *pro se* litigant gets a liberal reading of his pleadings, but the basic procedural obligations still apply." *Propes v. Quarterman*, 573 F.3d 225, 231 (5th Cir. 2009). The principle of equitable tolling does not therefore apply to Petitioner's motion.

## V.    CONCLUSION

Accordingly,

Petitioner's *§ 2255 Motion* is **DENIED.** Because Petitioner's *§ 2255 Motion* is untimely under § 2255(f), the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal from this decision would not be taken in good faith and therefore should not be taken *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

The Clerk of Court is **DIRECTED** to mail Petitioner a copy of this Order by any receipted means at the address indicated in his most recent filing.

Signed in Baton Rouge, Louisiana, on <u>March 14, 2025</u>.


_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**